[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Michael Fitzpatrick, Esq., Defense Counsel for Petitioner.
Frank S. Maco, State's Attorney, for the State.
BY THE DIVISION
The defendant was convicted by a jury of assault in the second degree in violation of Conn. Gen. Stat. Sec. 53a-60 and burglary in the first degree in violation of Conn. Gen. Stat. Sec. 53a-101(a)(1) and (2). He was sentenced to five (5) years on the first count and twenty (20) years suspended after ten 10), consecutive, on the second fore total effective sentence of twenty (20) years suspended after fifteen (15) years and probation.
The facts set forth in the presentence investigation show that police were called in response to a man bleeding on Pulaski Street in Torrington on May 13, 1988. The victim said he had been beaten by three men with a 2' x 4' piece of wood. He suffered a ruptured spleen in addition to other injuries. The beating took place when the defendant and his two sons entered the victim's apartment in pursuit of a tool box worth about $2,700 which the Gelorminos believed had been stolen from Kenneth, Jr. by the victim the night before. When the tool box was not forthcoming, the beating and resultant injuries occurred and the victim's television was taken.
The petitioner seeks a review by this Division based on four arguments.
First, the petitioner claims there is no rational basis for the distinction between his son's sentence of fifteen (15) years suspended after five (5) years when the two engaged in essentially the same course of conduct. The state argues that the criminal records of the Gelorminos must be considered and, although the younger Gelormino had no adult record, Kenneth Sr. served both state and federal terms for convictions in 1954, 1959 and 1980.
We conclude that there was ample reason for the longer sentence meted out to the petitioner in view of the criminal records of each man.
In the second and third arguments the petitioner assert that the circumstances of the case did not warrant the sentence imposed and that his sentence was not supported by the facts. Counsel for the petitioner points out that although the victim's spleen was ruptured, it was not removed as stated in the presentence report and, in fact, he has completely recovered. The State's Attorney pointed out that the injuries were very serious and life-threatening. Petitioner's theory of insufficient supporting evidence is directed at the sentencing judge's statements when he said the "events. . .were planned, CT Page 9335 premeditated, done with malice afore thought." The petitioner and his sons merely went to the victim's place to secure the return of the tool box, not with the intention of committing the assault.
We reject these arguments. The petitioner himself stated that when the trio couldn't reason with the victim, "I struck him. . .We just lost control. One of those crazy fluke things." The injuries sustained by the victim were clearly the result of a vicious beating. There was extensive internal and external bleeding and the victim was hospitalized for approximately ten days with resultant medical expenses of around $50,000. The jury found the state had proven an assault in the second degree. Under the circumstances the sentence was not unwarranted or unduly harsh.
Regarding the claim that the facts did not support the sentence, we are bound by the provisions of Conn. Gen. Stat. Sec. 51-196 to review the sentence imposed. We are not an appellate court where all aspects of the case might be reviewed to see, for example, whether or not the evidence supported the charges. The jury found the facts and found the defendant guilty. Our scope of review is limited to whether or not the punishment fits the offense and the petitioner, and we conclude it does in this case.
Finally, the petitioner argues that his criminal record is not a significant factor and cannot support the sentence. We disagree and conclude, as we did in connection with his first argument, that his sentence was not disproportionate to his son's as the petitioner's record was far from unblemished; he had received a federal sentence for four (4) years in 1980. He has been convicted for indecent assault, altering the ID on a gun, theft, and sale of cocaine.
The petitioner's sentence of twenty (20) years suspended after fifteen (15) years was not excessive or disproportionate. His actions resulted in the near death of the victim and it is clear that the sentencing judge considered all the appropriate factors in determining the sentences for these offenses.
The sentence is affirmed.
Stanley, J.
Klaczak, J.
Norko, J.
Stanley, Klaczak and Norko, J.s, participated in this CT Page 9336 decision.